IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSHUA JAY SANCHEZ,<br>　　　Petitioner, | §<br>§<br>§<br>§ | |
| v. | § | CIVIL ACTION H-05-1447 |
| DOUG DRETKE,<br>　　　Respondent. | §<br>§<br>§ | |

## MEMORANDUM ON DISMISSAL

Petitioner brings this habeas corpus application under 28 U.S.C. § 2254.  Petitioner is incarcerated in the Texas Department of Criminal Justice.  For the reasons stated below, this Court DISMISSES the application as time barred under 28 U.S.C. § 2244(d).

Petitioner challenges a conviction for capital murder in cause number 668,298 in the 208th District Court of Harris County, Texas.  The state court sentenced Petitioner to life imprisonment in a judgment of conviction entered on October 13, 1994.  Petitioner appealed, and the Texas Court of Appeals affirmed the conviction on July 2, 1998.  Petitioner filed a petition for discretionary review (PDR) in the Texas Court of Criminal Appeals.  Petitioner states the Texas Court of Criminal Appeals "affirmed" the PDR on "January '99.'"  This Court will assume the Texas Court of Criminal Appeals refused the PDR on January 31, 1999, for this Court's analysis under the statute of limitations.

Petitioner reports he filed a post-conviction state writ application under article11.07 of the Texas Code of Criminal Procedure on April 28, 2004.  He states the 208th

District Court rendered a final decision on the writ application on October 27, 1994. Petitioner filed this federal application on April 25, 2005.

On April 24, 1996, President Clinton signed the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which amended the habeas corpus statutes. The AEDPA states in part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (West 1996).

Petitioner's conviction became final on May 1, 1999, when the time to petition for *certiorari* in the U.S. Supreme Court expired, ninety days after the Court of Criminal Appeals refused Petitioner's request for a PDR. Sup.Ct.R. 13.1 (West 1995). There is no showing that subsections (B), (C), and (D) of § 2244(d)(1) apply to Petitioner's claims. The limitation period expired a year later, on May 1, 2000, absent tolling.

The chronological information that Petitioner provides for the filing and disposition of his state writ application does not make sense. The state court could not have denied the habeas corpus application ten years *before* Petitioner filed it. Furthermore, it is improbable, at best, that Petitioner filed his post-conviction writ application in time to be finally disposed two weeks after the state court entered the judgment of conviction and before the notice of appeal was due.

The records of the Harris County District Clerk reflect that Petitioner filed his state writ application in the trial court on February 27, 2004, and the Clerk's office transferred it to the Texas Court of Criminal Appeals on April 19, 2004. The Clerk's records further reflect that the Texas Court of Criminal Appeals denied the writ application on May 26, 2004. The records of the Texas Court of Criminal Appeals show, consistent with the Harris County District Clerk's records, that the Court of Criminal Appeals received the writ application on April 26, 2004, and denied it on May 26, 2004.

Petitioner filed his state writ application on February 27, 2004, more than three years after the limitation period expired on May 1, 2000. The pendency of Petitioner's state application did not toll the limitation period under 28 U.S.C. § 2244(d)(2) because he did not file it until well after the limitation period had expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Petitioner filed this federal writ application on April 15, 2005. That is four years and eleven months after the statute of limitations expired. Petitioner's application is time barred.

The federal courts are authorized to *sua sponte* dismiss habeas petitions where it appears that the petitioner is not entitled to relief.  28 U.S.C. § 2243.  Although the statute of limitations is an affirmative defense, the courts are authorized to raise such defenses *sua sponte*.  *See Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999).

Accordingly, it is ORDERED that this action be DISMISSED with prejudice as time barred under 28 U.S.C. § 2244(d).

This Court finds that Petitioner has not made a substantial showing that reasonable jurists "would find it debatable whether the district court was correct in its procedural ruling."  *Beasley v. Johnson*, 242 F.3d 248, 263 (5th Cir.) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), *cert. denied*, 534 U.S. 945 (2001).  This Court finds that a certificate of appealability should not issue.

SIGNED the 29th day of April, 2005.



David Hittner
United States District Judge